

LAW OFFICES OF
# LOUIS D. STOBER, Jr., L.L.C.

*350 OLD COUNTRY ROAD • SUITE 205*
*GARDEN CITY, NEW YORK 11530-1701*

*LOUIS D. STOBER, JR*
———————

*HEATHER H. PATTON*
*ANTHONY P. GIUSTINO‡*
*DANIELLE N. NUCCI†‡*
*† ADMITTED IN NY & TX*
*‡ OF COUNSEL*

*WEBSITE: <u>WWW.STOBERLAW.COM</u>*
*TEL: (516) 742-6546*
*FAX: (516) 742-8603\**
*\* NOT FOR SERVICE OF PROCESS*

January 6, 2006

**VIA ECF FILING**
Chambers of U.S. Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
824 Federal Plaza
Central Islip, NY   11722-4450

      **Re:**    **Almonte, *et al.* v. City of Long Beach, *et al.* - CV 04-4192 (JS) (MJO)**

Dear Magistrate Judge Orenstein:

      We represent the plaintiffs in the above-referenced matter.  We submit this letter in order to address potential conflicts resulting in defense counsels' representation of the City of Long Beach ("the City"), *et al.*, as discussed at the December 5, 2005 conference before Your Honor. Rosenberg Calica & Birney, LLP ("RCB") represents all defendants in this matter, including the City, Mona Goodman, James Hennessey, and Thomas Sofield, Jr., individually and as members of the City Council and Glen Spirits as Manager of the City.  RCB's representation of all defendants in this action raises several ethically troubling and incurable conflicts of interest, which mandate their disqualification.  RCB's representation of all defendants has tainted this action, embedded conflicting defenses and placed them in the position of misusing client confidences.

<u>Standard for Disqualification</u>

      In the Second Circuit, an attorney is appropriately disqualified upon a finding that the participation of a particular counsel will "taint" the action by affecting his presentation of a case. *Bottaro v. Hatton Associates*, 680 F.2d 895, 896 (2d Cir. 1985); *Board of Ed. Of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *European Community v. RJR Nabisco, Inc.*, 134 F. Supp. 2d 297, 303 (E.D.N.Y. 2001).  While the courts must be sensitive to the balance of interests between a client's right to the counsel of her choice and the court's



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

obligation to ensure a fair trial, "any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir. 1980), *vacated on other grounds and remanded*, 450 U.S. 903 (1981).

The ABA Code prescribes the appropriate guidelines for the professional conduct of the bar. *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d. 1978); *NCK Org. Ltd. v. Bregman*, 542 F.2d 128, 130 n.2 (2d Cir. 1976); *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d. Cir. 1985). ABA Code Canon 5 provides: "A lawyer should exercise independent professional judgment on behalf of a client." Canon 4 provides: "A lawyer should preserve the confidences and secrets of a client." The New York Code of Professional Responsibility, as an adoption of the American Bar Association's Model Rules of Ethical Conduct, has also been held to establish appropriate guidelines for professional conduct of attorneys in New York's federal district courts. *See, e.g., Arifi v. de Transport du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003).

The Second Circuit has consistently found that disqualification is required where (1) an attorney's conflicts, in violation of Canons 5 and 9 of the ABA Code, undermine the court's confidence in the vigor of the attorney's representation of his client; or (2) an attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, which is in violation of Canons 4 and 9.

Where a presumption of such ethical violations is raised, the burden of proving propriety shifts to conflicted counsel to show, "at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation. *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d. 1978). While such a showing must assure the court that the clients of the presumptively conflicted lawyer will not be prejudiced, it must also be sufficient to protect all other parties from a "subsequent challenge to [the] judgment" ultimately rendered in the action. *Oneida of Thames Band v. State of N.Y.*, 757 F.2d 19, 22 (2d. Cir. 1985). The *Oneida* Court held that in such situations all parties are entitled to "the assurance of an on-the-record consent sufficient to preclude" such a challenge in open court by persons authorized to speak on behalf of the parties simultaneously represented. *Id.*

In the case of a lawyer for a governmental entity, the ethical duties that underlie these considerations are heightened. *Zimmerman v. Schweiker*, 575 F. Supp. 1436 (E.D.N.Y. 1983). The *Zimmerman* Court adopted the established proposition that a government lawyer, "'in the performance of ... his duty ... is not a counsel giving advice to the government as his client, but a public officer, acting judicially, under all the solemn responsibilities of conscience and legal obligation.'" *Id.*, at 1440 (*quoting* 6 Ops. Atty. Gen., Office and Duties of Attorney General 326, 334 (1854) (Caleb Cushing to the President)).

The New York State Bar Association has long recognized that an attorney in private practice may be "functionally equivalent" to a governmental attorney "if the attorney frequently represents the town as special counsel." N.Y. State Bar Assoc., Comm. On Prof. Ethics, Opinion 629 (March 23, 1992) (*citing* 1971 Op. N.Y. Atty. Gen. (Inf.) 141); N.Y. Gen. Mun.



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

Law §§ 806, 808 (requiring the adoption of codes of ethics by every county, city, town, village and school district and the creation of ethics boards).

<u>Rosenberg Calica & Birney Must Be Disqualified From Any Representation Herein</u>

      RCB must be disqualified from any representation in this action because a lawyer, and any firm with which the lawyer is associated, is prohibited from representing clients with differing interests, either simultaneously or at different times, and because a lawyer may not accept employment that puts the lawyer in the position of misusing confidences. ABA Code Canon 4. Blind to these obligations, RCB represents the City, the City Manager and all three individuals named in this action. RCB has also represented the City and many present and past City officers in their official and individual capacities in several similar, unrelated actions. This simultaneous representation of differing interests, and potential use of confidences gained through prior and present representation of adverse parties, constitutes a taint of the adversary process and requires this Court to disqualify RCB from any further representation herein.

     1.    <u>Rosenberg Calica & Birney Cannot Ethically Represent the Individual Defendants.</u>

        a.  *RCB's Simultaneous Representation of the City Bars RCB's Representation of the Individual Defendants.*

      Because it simultaneously represents the City in this and other actions, RCB is unable to ethically represent the Individuals under DR 5-105 of the ABA Code and the New York Code. Those rules require a lawyer or law firm to decline or discontinue employment on behalf of a client if the lawyer's independent professional judgment is likely to be adversely affected by the employment, or if it would be likely to involve the lawyer in representing differing interests. ABA Code DR 5-105; 22 N.Y.C.R.R. § 1200.24(a), (b).

      EC 5-15 of the ABA Code expands on this requirement, noting that a lawyer in RCB's position "should never represent in litigation multiple clients with differing interests," noting "there are few situations in which [the lawyer] would be justified in representing in litigation multiple clients with potentially differing interests." ABA Code, EC 5-15. "Differing interests" are defined in the Definitions sections of both the New York Code and the ABA Code as including "every interest that will adversely affect the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, or other interest." 22 N.Y.C.R.R. § 1200.1(1); ABA Code, Canon 9 ("Definitions"); *see also* ABA Code EC 5-14.

      The Second Circuit has established the existence of an inherent conflict of interest where, as here, an attorney or a single firm represents both a municipality and its employees as defendants in an action brought under 42 U.S.C. § 1983. *Dunton v. Suffolk County*, 729 F.2D 903 (2D Cir. 1984); *see also Ricciuti v. New York City Transit Autority*, 796 F.Supp. 84 (S.D.N.Y. 1992); *Blake v. Race,* N.Y.L.J., Jan. 19, 2005 at 22 (E.D.N.Y. Jan. 11, 2005). This conflict arises from the fact that the "municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial action



would not be pursuant to municipal policy," while the employee "may partially or completely avoid liability by showing that he was acting within the scope of his official duties." *Dunton*, 729 F.2d at 907. Representation of both the municipality and the employee by a single lawyer or firm poses an "imminent threat of a serious conflict," making disqualification appropriate even before the beginning of any proceedings. *Id.* The *Dunton* Court strongly advised against multiple representation in § 1983 cases. *Id.* at 908.

RCB has affirmatively and conspicuously embraced the very conflicts of interest that *Dunton* proscribes, by representing the City and the named Individuals, without so much as a representation to this Court that it has addressed the potential conflict with the Individual defendants. Rather, RCB has dismissively maintained that "they are the only ones who have remained consistent" throughout the numerous lawsuits.

Another conflict in RCB's attempt to represent both the City and the Individuals arises from the fact that here, just as the district court in *Dunton* recognized, the City has "no monetary incentive to ensure that [punitive] damages are not assessed." *Dunton v. Suffolk County*, 580 F.Supp. 974 (1983). This is because the City cannot reimburse its officers for punitive damages assessed against them, but is only obligated to defend its officers for actions within the scope of their employment. Also, punitive damages cannot be assessed against the City itself. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Indeed, to the extent RCB's representation protects the City's interests in this action, which becomes clear upon apprehending RCB's long-standing allegiance to the City as a significant client, such representation compromises RCB's loyalty to, and zeal on behalf of, the Individuals. That conclusion is inescapable because RCB represents, and RCB and its predecessors have regularly represented, the City in numerous separate actions, many of which involve § 1983 claims. RCB must therefore be presumed to have the City's interests in mind whenever RCB approaches issues involving the City's policies and practices, and the City's systems of ensuring compliance with those policies.

2.   <u>Rosenberg Calica & Birney Cannot Ethically Represent the City</u>.

a.  *RCB's Simultaneous Representation of the Individual Defendants Bars RCB from Continuing to Represent the City*

RCB must also be disqualified as it cannot ethically represent the City even if it is disqualified from representing the Individuals, because RCB must by now have acquired confidences from the Individuals, which RCB could potentially misuse if it were to represent the City for any longer in this action.

DR 5-105, discussed more fully above, requires a lawyer or a law firm to decline or discontinue employment on behalf of a client if the lawyer's independent professional judgment is likely to be adversely affected by the employment, or if it would be likely to involve the lawyer in representing differing interests. 22 N.Y.C.R.R. § 1200.24(A), (B); ABA Code DR 5-105. *See also* ABA Code EC 5-15. The participation of an attorney or firm like



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

RCB poses an "imminent threat of a serious conflict," in violation of DR 5-105 where, as here, that attorney or single firm represents both a municipality and its employees in an action brought under 42 U.S.C. § 1983. *Dunton*, 729 F.2d at 907. *See also Blake v. Race, supra*. This conflict inheres in the fact that the "municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his official actions would not be pursuant to municipal policy," while the employee "may partially or completely avoid liability by showing that he was acting within the scope of his official duties." *Dunton*, 729 F.2d at 907.

Moreover, RCB has now represented the Individuals for six months in this action. During this time, RCB's attorneys must have spoken at length with the Individuals, especially in order to prepare the currently-pending Motion to Dismiss before Judge Seybert, and the voluminous motion practice which has ensued since RCB commenced representation in this matter. These discussions must also have encompassed whether RCB's representation did present a conflict because the issue was raised before this Court as well as in Plaintiffs' Amended Complaint. As a result of these conversations, RCB is surely in possession of confidences of the Individuals. For RCB to represent the City would put RCB "at least potentially in a position to use privileged information concerning the other side through prior representation, in violation of Canons 4 and 9." *Nyquist*, 590 F.2d at 1246.

> b. *RCB's Prior Representation of the City and Former City Officials in their Individual Capacities Bars RCB from Continuing to Represent the City*

In addition to the conflict between the Individuals and the City, RCB also represented the City, Eugene Cammarato in his individual and official capacities as the Director of Operations for the City of Long Beach, and Stephen Kohut in his individual and official capacities as the Chief of Lifeguards for the City of Long Beach in a 2002 action commenced by James Hennessey, a named defendant in this action.

Hennessey's lawsuit was commenced in United States District Court, Eastern District (02 CV 4504), alleging violations of 42 U.S.C. § 1983, the First and Fourteenth Amendment of the United States Constitution, New York Civil Rights Law Section 40-C(2), New York Executive Law Section 291, New York Civil Service Law § 75 an § 14 of the Long Beach City Charter. Hennessey sued the City of Long Beach and Messrs. Cammarato and Kohut in their individual and official capacities for alleged discrimination on the basis of his political beliefs and the exercise of his constitutionally protected rights, the same claims alleged in the instant action.

The City of Long Beach, Eugene Cammarato and Stephen Kohut were all represented by RCB, which is significant not only because similar conflicts had the potential to arise in that case as they do here, but also because Eugene Cammarato is the husband of Mary Cammarato, a plaintiff in the instant case. Surely through its representation of Eugene Cammarato, RCB learned confidences which would present a conflict in an adversarial proceeding against Mrs. Cammarato, particularly since the two



LAW OFFICES OF
LOUIS D. STOBER, JR. L.L.C.

matters are near mirror images of each other.  Nonetheless, RCB has not made a single effort to obtain Mr. Cammarato's consent to represent the defendants in the instant matter, despite the fact that plaintiffs' have made it know that they will be calling Mr. Cammarato as a witness.

3.      The Entire Firm of Rosenberg Calica & Birney Must be Disqualified

RCB may not, of course, in an attempt to cure the above conflicts, substitute another one of its attorneys for the attorneys currently of record, Ronald J. Rosenberg and John S. Ciulla.  DR 5-105(d) prevents a firm like RCB with which the conflicted lawyer is associated from carrying on any representation that the lawyer himself could not conduct.  22 N.Y.C.R.R. § 1200.24(D); ABA Code DR 5-105(D). DR 5-105(d) therefore creates a presumption that the attorneys within a law firm will communicate client confidences, and that the entire firm must be disqualified.  *Young v.  Central Square Central School Dist.*, 213 F.Supp.2d 202, 216 (N.D.N.Y. 2002); *Marshall v. State of New York Div. of State Police,* 952 F. Supp. 103, 110 (N.D.N.Y. 1997) *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1086 (S.D.N.Y. 1989).

Conclusion

The position set forth by plaintiffs in this letter is not made out of choice, but is mandated by the New York Code of Professional Responsibility, the American Bar Association's Model Rules of Ethical Conduct and controlling case law.  Plaintiffs have consistently raised the potential conflicts of interest in this case with defendants' counsel in the hope that RCB would satisfactorily address our concerns.  To date, RCB has refused to acknowledge its ethical obligations or obtain intelligent consent from any of its past and present clients affected by RCB's conflicts.  Instead, RCB has attempted to deflect its obligations onto plaintiffs' counsel by insisting that it is our responsibility to advise RCB of its potential conflicts.  (See copy of RCB's unjustifiably scolding December 1, 2005 letter, annexed hereto as Exhibit "A," wherein Mr. Rosenberg expressed his frustration with our so-called "refusal to adequately respond to [RCB's] request" for a "detailed statement of the facts underlying [our] claim that a conflict exists."  Mr. Rosenberg and RCB have ignored their ethical obligations and attempted to shift the burden to plaintiffs' counsel, rather than addressing our concerns in a forthright manner).

In submitting this letter, plaintiffs are not seeking to obtain a tactical advantage.  In fact, the delay that RCB's disqualification would undoubtedly cause would be a disadvantage to plaintiffs, especially since this case has already been delayed through RCB's predecessor's withdrawal, as well as the excessive motion practice that has been conducted, which this Court is well aware of.  However, we believe it is of the highest importance to address these conflicts in order to ensure that this litigation is fairly conducted with all parties represented properly.  *See Weissman v. Fruchtman*, 1986 WL 15669, as *12 (S.D.N.Y. Oct. 31, 1986) (citations omitted).



LAW OFFICES OF
**LOUIS D. STOBER, JR. L.L.C.**

RCB had a duty of ensuring that the individual defendants, the City, Eugene Cammarato and, perhaps, others have intelligently consented to the conflicts of RCB's multiple representation. *Dunton*, 729 F.2d 903 (2d Cir. 1984). Nonetheless, RCB has failed to take *any* action to resolve these conflicts or to conform to the well known standards of professional responsibility.

In light of the fact that discovery has hardly commenced in this matter, plaintiffs reasonably believe that the conflicts outlined above only scratch the surface. Therefore, even if this Court were to find that the conflicts outlined above do not warrant disqualification at this time, the possibility of further conflict is imminent and, accordingly, warrants disqualification in order to avoid future prejudice.

For all of the above reasons, the firm of Rosenberg Calica & Birney LLP should be disqualified from representing any parties in this action.

Thank you in advance for your cooperation and attention to these matters. If you have any questions, please contact the undersigned and I will immediately arrange a conference call.

Very truly yours,

s/Louis D. Stober, Jr.

LOUIS D. STOBER, JR. (LS 9318)

cc: Ronald J. Rosenberg, Esq. (by e-filing)
Frederick Brewington, Esq. (by regular mail)

# EXHIBIT A

# ROSENBERG CALICA & BIRNEY LLP

ATTORNEYS AT LAW
100 GARDEN CITY PLAZA, SUITE 408
GARDEN CITY, NEW YORK 11530
TELEPHONE (516) 747-7400
FACSIMILE (516) 747-7480
www.rcblaw.com

RONALD J. ROSENBERG*
ROBERT M. CALICA
WILLIAM J. BIRNEY
EDWARD M. ROSS
LESLEY A. REARDON
KENNETH E. ANESER*

JOHN S. CIULLA
JUDAH SERFATY
PETER J. WILLIAMS*
ROBERT J. HOWARD
DAVID HARRY ROSENBERG

December 1, 2005

MILTON JONAS
KENNETH J. WEINSTEIN
OF COUNSEL

*ALSO ADMITTED FL
*ALSO ADMITTED CT
*ALSO ADMITTED CT, NJ, DC
*ALSO ADMITTED MD
*ALSO ADMITTED NJ

**VIA FACSIMILE (516) 742-8603**
**AND FIRST CLASS MAIL**

Louis D. Stober, Jr., Esq.
Law Offices of Louis D. Stober, Jr., LLC
350 Old Country Road, Suite 205
Garden City, NY 11530-1701

      Re:    Almonte, et al. v. The City of Long Beach, et al.
            Civil Action No.: 04-CV-4192 (JS)(JO)

Dear Mr. Stober:

I have reviewed your letter dated November 28, 2005, and unfortunately it does not address our request for a specific factual basis for your claim that there is a conflict resulting from my prior representation of Eugene Cammarato in the lawsuit commenced by James Hennessy.

Instead, it merely restates your conclusory position that since you intend to call Mr. Cammarato as a witness and we may cross-examine him, a conflict exists. Your position begs the question—what is the nature and substance of Mr. Cammarato's testimony that remotely gives rise to a potential conflict? As you well know, applicable law does not support your facile assertion that a conflict exists merely because an attorney may be called upon in subsequent unrelated litigation to cross-examine a prior client.

I was hopeful that you would provide a detailed statement of the facts underlying your claim that a conflict exists so that there would be full disclosure of the facts prior to the conference on December 5. However, your letter does nothing to advance the process of Magistrate Judge Orenstein's investigation and reporting on the issue.

ROSENBERG CALICA & BIRNEY LLP

    Louis D. Stober, Jr., Esq.
    December 1, 2005
    Page 2

       Given the conclusory nature of your position and your apparent refusal to adequately respond to our request, we trust that you will make an appropriate detailed proffer at the conference on Monday.

                     Very truly yours,

                     Ronald J. Rosenberg

JSC/meb